UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRUNET ET AL.                           CIVIL ACTION

VERSUS                                  NO: 14-2519

SENIOR HOME CARE, INC.                  SECTION: "J" (5)
ET AL.

## ORDER & REASONS

Before the Court is Defendants Senior Home Care, Inc., Synergy, Inc., and Lynne Hebert's *Partial Motion to Dismiss* **(Rec. Doc. 15)** and an opposition thereto filed by Plaintiffs Jayme Brunet, Sonya Kay Robinette, Patricia Wall, Geraldine Ward, and Kassandra Williams. (Rec. Doc. 28) Having considered the motions and memoranda, the record, and the applicable law, the Court finds that the Defendants' motion should be **GRANTED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from Plaintiffs' claims for unpaid overtime compensation. (Rec. Doc. 1) Plaintiffs are Registered Nurses who allege that they were Defendants' employees. Id. at 2-5. Plaintiffs further allege that, "[d]ue to the manner in which [they] were paid and the nature of their duties, they are not exempt employees [with the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.,] and are entitled to overtime pay for all hours worked over forty (40) hours in

any work week." Id. at 8. Yet, Plaintiffs allege that Defendants failed to pay them overtime compensation as required under the FLSA. Id.

Plaintiffs opted into an FLSA collective action in the U.S. District Court for the Northern District of Florida, Beckworth v. Senior Home Care, Inc., et al., No. 12-351. Id. at 2. The plaintiffs in Beckworth made the same claims that Plaintiffs advance herein. (Rec. Doc. 15-1, pp. 1-2) On September 5, 2014, the court granted defendants' motion to decertify the collective action and dismissed without prejudice the opt-in class' claims. Id. at 2; (Rec. Doc. 1, p. 2). In doing so, the court tolled the statute of limitations for a period of sixty days from the date of the order. (Rec. Doc. 1, p. 2; Rec. Doc. 15-1, p. 2)

Plaintiffs then filed the instant action on November 3, 2015. (Rec. Doc. 1; Rec. Doc. 15-1, p. 2) Plaintiffs seek judgment enjoining Defendants from the complained-of conduct, a declaration that Defendants willfully violated the FLSA, compensation for unpaid overtime work, liquidated damages in an amount equal to their unpaid overtime as provided under the FLSA, attorneys' fees and costs, and pre- and post-judgment interest. (Rec. Doc. 1)

On December 23, 2014, Defendants filed the instant *Partial Motion to Dismiss*. **(Rec. Doc. 15)** After receiving an extension,

Plaintiffs opposed the motion on January 20, 2015. (Rec. Docs. 20, 28)

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

3

## PARTIES' ARGUMENTS AND DISCUSSION

In their *Partial Motion to Dismiss*, Defendants argue that this Court should dismiss the claims of Robinette, Brunet, and Wall. Defendants argue that Robinette's claim is time-barred. They further argue that the doctrine of judicial estoppel precludes the claims of Brunet and Wall. The Court will address each of these arguments in turn.

### A. Whether Robinette's FLSA Claim Is Time-Barred

Defendants argue that Plaintiff Robinette's FLSA claim for unpaid overtime work is time-barred and must be dismissed. (Rec. Doc. 15-1, pp. 2-5) Plaintiff Robinette alleges that her last day of work for Defendants was December 27, 2009, and she filed her opt-in consent form on January 30, 2013. Id. at 4. Generally, the FLSA provides a two-year statute of limitations. Id. at 3 (citing 29 U.S.C. § 255(a)). However, where a defendant's violation is willful, the statute of limitations extends to three years. Id. (citing 29 U.S.C. § 255(a); McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)). An FLSA claim for unpaid overtime accrues "when the employer fails to pay the required compensation." Id. at 4 (citing Halferty v. Pulse Drug Co., 821 F.2d 261, 270-71 (5th Cir. 1987)). And in an FLSA collective action, the claim of an opt-in plaintiff is considered commenced when she files a written consent to become a party plaintiff with the court. Id. (citing 29 U.S.C. §

216(b), 256(a); 29 C.F.R. § 790.21(b)(2); <u>Lima v. Int'l Catastrophe Solutions, Inc.</u>, 493 F. Supp. 2d 793, 803 (E.D. La. 2007)). Thus, even assuming for the purposes of this motion that the three-year statute of limitations applies, Defendants insist that any claim for unpaid overtime for work performed before January 30, 2010, is prescribed. <u>Id.</u> at 5. Because the entire period of Robinette's alleged employment with Defendants occurred before January 30, 2010, Defendants argue that this Court must dismiss her claim.

Plaintiffs do not oppose Defendants' argument and agree that Robinette's claim against Defendants is time-barred.[1] (Rec. Doc. 28, pp. 3-4) Further, "Robinette agrees to voluntarily dismiss her cause of action against the Defendants." <u>Id.</u> at 14.

Having reviewed Defendants' arguments, the Court finds that they are meritorious and grants Defendants' unopposed motion to dismiss Robinette's claim for the reasons stated above.

## B. Whether Brunet and Wall Are Judicially Estopped from Asserting FLSA Claims

The Court begins by describing Brunet's and Wall's bankruptcy petitions, which give rise to Defendants' judicial estoppel defense. Brunet opted into <u>Beckworth</u> on January 30, 2013. (Rec. Doc. 15-1, p. 8) On April 12, 2013, Brunet filed for

---

[1] Although Plaintiffs clarify that Robinette's final pay day was January 8, 2010, making the last day on which she could timely file her opt-in consent form January 8, 2013, Plaintiffs concede that Robinette's claim remains time-barred because she did not file her opt-in consent form until January 30, 2013. (Rec. Doc. 28, pp. 3-4)

Chapter 13 bankruptcy. Id. Brunet failed to disclose her FLSA claim in Beckworth to the bankruptcy court. Id. The court confirmed Brunet's bankruptcy plan on or about December 16, 2013. (Rec. Doc. 28, p. 9) Thereafter, the court dismissed Brunet's Chapter 13 bankruptcy on or about June 23, 2014, and closed the case on October 21, 2014. Id. at 6. The Beckworth case was dismissed on September 5, 2014. Id. at 1. Brunet then refiled her bankruptcy petition on October 13, 2014. Id. at 6. Plaintiffs filed the instant action in this Court on November 3, 2014. Brunet has not disclosed the FLSA claim in her second bankruptcy action,[2] but the court has yet to confirm her plan. Id. at 28.

Plaintiff Wall filed a Chapter 13 petition for bankruptcy on May 13, 2011. Id. at 5. The court confirmed her Chapter 13 plan on April 27, 2012. Id. On December 8, 2012, Wall converted her bankruptcy from Chapter 13 to Chapter 7. (Rec. Doc. 15, Ex. D, p. 7) She made amended filings on November 7, 2012. Id. She opted into Beckworth on December 19, 2012. (Rec. Doc. 28, p. 5) The court discharged her debts on January 22, 2013. Id. at 6.

In light of the above, Defendants argue that Brunet and Wall are judicially estopped from asserting FLSA claims against

---

[2] Defendants note that Brunet had not disclosed her FLSA claim as of the date of the filing of their motion. (Rec. Doc. 15-1, p. 9) In their opposition, Plaintiffs suggest that Brunet has not disclosed the claim: "If amendment is required to notify the bankruptcy court of this claim, Plaintiff has no reservations in completing such, and it is not unreasonable for this Court to permit same." (Rec. Doc. 28, p. 8)

them. (Rec. Doc. 15-1, pp. 5-14) Defendants stress that judicial estoppel is an affirmative defense that is properly raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if supported by the facts pleaded or judicially noticed. Id. at 5. Defendants note that the doctrine of judicial estoppel "prevents 'a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.'" Id. at 6 (quoting Feder v. Elec. Data Sys. Corp., 429 F.3d 125, 136 (5th Cir. 2005)). Importantly, the doctrine precludes a party who fails to disclose a legal claim as an asset in a bankruptcy proceeding from later pursuing that claim. Id. at 6-7.

Defendants assert that the elements of judicial estoppel are satisfied here. "The three requirements for applying judicial estoppel are: (1) the position of the party is plainly inconsistent with the party's prior legal position, (2) the party convinced a court to accept the prior position, and (3) the party did not act inadvertently." Id. at 7 (citing Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005)). First, Brunet and Wall were required to disclose their FLSA claim in their bankruptcy filings but failed to do so, representing to the court that the claim did not exist. Id. at 8. This omission therefore constitutes an inconsistent position from that taken herein. Id. at 8-9. Second, Brunet and Wall

convinced the bankruptcy courts to accept their previous position denying that any claim existed. This is evident from the courts' adoption of Brunet's and Wall's bankruptcy plans, which omitted any mention of their FLSA claims. Id. at 10-11. Third, Brunet's and Wall's failure to disclose their FLSA claims was not inadvertent. "In the judicial estoppel context, a party has inadvertently asserted inconsistent positions when either, (1) the party lacked knowledge of the inconsistent position, or (2) the party had no motive for concealment of the inconsistent position." Id. at 11 (citing Jethroe, 412 F.3d at 600-01)). Defendants therefore argue that Brunet's and Wall's failure to disclose their FLSA claims was not inadvertent because they were aware of the existence of the claims during their bankruptcy proceedings and they clearly had a motive to conceal the claims from creditors in the bankruptcy actions. Id. at 13-14. Thus, Defendants argue that Brunet and Wall should be judicially estopped from pursuing their FLSA claims before this Court, and this Court should dismiss their claims.

Plaintiffs counter argue that Brunet and Wall should not be judicially estopped from pursuing their FLSA claims in this Court. (Rec. Doc. 28, pp. 4-15) First, Plaintiffs urge the Court to consider only the instant action—and not Beckworth—when determining whether Plaintiffs made any prior inconsistent statements. Plaintiffs argue that the Court would "overextend[]

8

the reach" of the doctrine to consider a cause of action that was dismissed in determining whether Brunet and Wall made inconsistent statements. Id. at 6-7. Because that case was dismissed, it could not constitute an "asset." Id. at 8. Plaintiffs further argue that the second requirement is not satisfied. Plaintiff Brunet's first bankruptcy petition was dismissed before being discharged; thus, "any acceptance was, thereafter, negated." Id. at 9. Additionally, the bankruptcy court has not yet issued a confirmation plan with respect to Plaintiff Brunet's second bankruptcy petition; thus, that court has not yet accepted any inconsistent statement to the extent that Brunet made any. Id. Furthermore, although Plaintiff Wall received a discharge after she opted into the Beckworth case, she made all filings in relation to her petition before opting in. Id. at 9-10. Third, Plaintiffs contend that any inconsistent statements made by Brunet and Wall were inadvertent and made without motive to conceal. Id. at 10-12. Plaintiffs urge the Court to adopt the ordinary meanings of "inadvertence" and "mistake," which look more to the actual subjective intent rather than the surrounding circumstances. Id. at 12. Plaintiffs also insist that Defendants failed to show that Brunet and Wall had a motive to conceal. Id. at 11. Lastly, Plaintiffs argue that Defendants should not be permitted to avoid suffering the consequences of their unlawful behavior because of Brunet's and

Wall's inadvertent, mistaken omission. Id. at 15. Thus, the Court should refrain from judicially estopping Brunet and Wall from asserting their claims against Defendants.

The doctrine of judicial estoppel prevents a party from assuming inconsistent positions in litigation. Kane v. Nat'l Union Fire Ins. Co., 535 F.3d 380, 385 (5th Cir. 2008)(per curiam). The doctrine's primary purpose is "to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." Id. (quoting In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999)). Generally, judicial estoppel is invoked where "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." In re Coastal Plains, Inc., 179 F.3d at 205 (quoting Scarano v. Central R.R. Co., 203 F.2d 510, 513 (3d Cir. 1953)). "Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion." New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (internal quotation marks and citations omitted).

The U.S. Court of Appeals for the Fifth Circuit has recognized three distinct elements which must be satisfied in order for judicial estoppel to be justifiably applied: "(1) the party's position must be clearly inconsistent with its previous

one; (2) the court must have accepted the party's earlier position; and (3) the non-disclosure must not have been inadvertent." Kane, 525 F.3d at 386 (quoting In re Coastal Plains, Inc., 179 F.3d at 205). The Court will examine these elements as they relate to Brunet and Wall independently.

**a. Prior Inconsistent Statement**

A debtor in a bankruptcy proceeding must disclose pending and potential legal claims. Under the Bankruptcy Code, substantially all of a debtor's existing assets, including pending and potential claims, vest in the bankruptcy estate upon the filing of a voluntary bankruptcy petition. *Id.* at 385 (citing 11 U.S.C. § 541(a)(1)). In a Chapter 13 bankruptcy, the bankruptcy estate also encompasses legal claims and causes of action that accrue "after the commencement of the [bankruptcy] case but before the case is closed, dismissed, or converted to" a Chapter 7, 11, or 12 bankruptcy proceeding. 11 U.S.C. § 1306(a)(1) and § 541(a)(1). A debtor is therefore under a continuing duty to promptly disclose the existence of all such claims to the bankruptcy court. Kane, 535 F.3d at 384-85 (citing 11 U.S.C. § 521(1); In re Coastal Plains, Inc., 179 F.3d at 207-08)). This duty continues to apply even after the bankruptcy court has confirmed a bankruptcy plan. Gilbreath v. Averitt Exp., Inc., No. 09-1922, 2010 WL 4554090, at *7 (W.D. La. Nov. 3, 2010); Wright v. Sears Roebuck & Co., No. 09-1498, 2010 WL

6032803, at *3 (W.D. La. Oct. 19, 2010). The Fifth Circuit has explained that the "importance of this disclosure duty cannot be overemphasized." In re Coastal Plains, Inc., 179 F.3d at 208.

Here, it is clear that Brunet and Wall have made prior inconsistent statements. Brunet opted into Beckworth before she filed for bankruptcy; it is therefore clear that she knew of the claim when she filed her bankruptcy petition. Likewise, Wall had knowledge of her claim, and she had the duty to disclose same to the bankruptcy court. In this context, a court will find that a petitioner had knowledge of a claim when she is aware of the facts giving rise to the claim, even if she is unaware of the duty to disclose it. See Kamont v. West, 83 Fed. Appx. 1, 3 (5th Cir. 2003); Lejeune v. Turner Indus. Grp., LLC, No. 11-1238, 2012 WL 1118631, at *4-5 (E.D. La. Apr. 3, 2012)(citing In re Coastal Plains, Inc., 179 F.3d at 208)(describing the type of knowledge required to trigger the duty to disclose in bankruptcy proceedings). Wall certainly had knowledge of the facts giving rise to her FLSA claim before opting into Beckworth on December 19, 2012. Admittedly, this opt-in occurred after the bankruptcy court confirmed her Chapter 13 plan. However, she converted her petition to a Chapter 7 bankruptcy only around two months before opting in, filed amended schedules little more than one month before opting in, and the court did not discharge her debts until more than a month *after* she opted in; she therefore knew

of the claim and had a continuing duty to disclose. See Gilbreath, 2010 WL 4554090, at *7 (holding that a Chapter 13 debtor's duty to disclose extends to claims not accruing until after the bankruptcy court confirms the debtor's bankruptcy plan, but before discharge); (Rec. Doc. 15, Ex. D, p. 7; Rec. Doc. 28, pp. 5–6).[3]

Plaintiffs suggest that their cause of action could not constitute an "asset" because Beckworth was later dismissed. However, Plaintiffs had a duty to disclose the cause of action nonetheless. See, e.g., Gilbreath, 2010 WL 4554090, at *4 (noting that a debtor has a duty to disclose even *potential* causes of action and that such duty continues even after the court confirms the debtor's bankruptcy plan). Further, the existence of their cause of action as an asset was not limited to the success or failure of Beckworth; Plaintiffs certainly seek to take advantage of that here. Both Brunet and Wall failed to disclose their FLSA claims, of which they were aware, despite their continuing duty to do so. This omission was "tantamount to a representation that no such claims existed." Id. Such a representation clearly is contrary to the position taken in both Beckworth and the instant proceedings.

---

[3] Although Gilbreath is concerned with Chapter 13 bankruptcy, debtors in Chapter 7 bankruptcies similarly incur the duty to disclose. See In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004).

### b. Acceptance of Prior Inconsistent Position

Plaintiffs will not be judicially estopped from asserting their claims herein unless the bankruptcy courts accepted their previous inconsistent statements. Kane, 535 F.3d at 386. The "acceptance" element requires "that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." In re Superior Crewboats, 374 F.3d at 335 (quoting In re Coastal Plains, 179 F.3d at 206). This requirement is satisfied where a bankruptcy court has confirmed a debtor's bankruptcy plan in reliance on the veracity of his asset schedules. Jethroe, 412 F.3d at 600.

The Court finds that the bankruptcy courts accepted Brunet's and Wall's prior inconsistent statements. In both cases, the bankruptcy courts confirmed the bankruptcy plans of Plaintiffs. This confirmation satisfies the second element of judicial estoppel. See id. Although Brunet argues that any acceptance was "negated" by the first bankruptcy court's dismissal of her bankruptcy action, a dismissal does not erase all history.[4] See Jethroe, 412 F.3d at 599-600 (holding that

---

[4] The Court is aware of the precedent to which Plaintiffs cite suggesting that a bankruptcy court's dismissal of a bankruptcy action negates any acceptance by the court of the debtor's or creditors' positions. However, the Court finds it to be distinguishable. In In re Operaji, 698 F.3d 231 (5th Cir. 2012), the court refused to estop a creditor from asserting a greater debt in the debtor's second bankruptcy petition where the first petition had been dismissed as a result of the debtor's failure to make required payments. Although the creditor had filed several amended claims to increase the amount of debtor's debt in the first bankruptcy, it did not include the full amount until after the first petition was dismissed and the parties commenced the

plaintiff was judicially estopped from pursuing discrimination claim because she failed to disclose it in a bankruptcy proceeding in which the bankruptcy court confirmed her plan but closed the bankruptcy before discharge when plaintiff failed to obey an order).

### c. Inadvertence

The final element of judicial estoppel requires that the party's non-disclosure was not inadvertent. In the context of judicial estoppel, a debtor's failure to satisfy his statutory duty of disclosure is only "inadvertent" where "the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." In re Coastal Plains, Inc., 179 F.3d at 210 (emphasis in original).

Here, the Court concludes that Brunet and Wall did not act inadvertently in failing to disclose their FLSA claims to the

second bankruptcy. Nevertheless, the court refused to estop the creditor from asserting an increased debt in the second action. First, the court determined that the creditor had not made inconsistent statements because the creditor did not share the same duty to disclose as the debtor. Second, *in dicta*, the court noted that even if there had been inconsistent statements, the dismissal of the first petition revoked any acceptance by the court of the previous inconsistent position. Id. at 237-38. In doing so, the court focused on the fact that the parties to the bankruptcy were no longer bound by the terms of the first bankruptcy upon dismissal. Id. at 238. The court stressed that bankruptcy plans are "exchanged for bargain[s] between the debtor and the debtor's creditors[.]" Id. (quoting In re Hufford, 460 B.R. 172, 177 (Bankr. N.D. Ohio 2011)). The court declined to allow the debtor to take advantage of the first bankruptcy "bargain" when the debtor's failure to comply with its terms caused the dismissal. Here, the question is not whether the terms of an initial bankruptcy plan should bind the same parties in a second bankruptcy after the first was dismissed. The concerns presented here are entirely different. See, e.g., id. at 236 (describing the distinction between applications of judicial estoppel when a debtor with a duty to disclose fails to disclose a claim and is subsequently estopped from pursuing it *versus* when a creditor fails to include the full amount of a debt in an initial proceeding but asserts the full amount in a subsequent proceeding).

bankruptcy court. Brunet had knowledge of the undisclosed claim when she filed her bankruptcy petition and throughout the pendency of her first and second petitions. Plaintiffs suggest that even after Defendants brought the issue of judicial estoppel to light, Brunet failed to disclose her claim to the bankruptcy court. (Rec. Doc. 28, p. 8)

As discussed above, the Court finds that Wall knew of her claim while her duty to disclose was ongoing. A debtor has knowledge for the purposes of this analysis if she knew of the facts giving rise to her claim whether or not she knew of the duty to disclose. See Jethroe, 412 F.3d at 601 ("[T]o claim that [the] failure to disclose was inadvertent [a debtor] must show not that she was unaware that she had a duty to disclose her claims but that, at the time she filed her bankruptcy petition, she was unaware of the facts giving rise to them."); Kamont, 83 Fed. Appx. at 3 (estopping plaintiff's discrimination claims that were filed while her bankruptcy was pending but that plaintiff failed to disclose by amending her bankruptcy petition). Wall knew of the facts giving rise to her claim—her unpaid overtime work for Defendants—before opting into Beckworth and before the court discharged her debts in bankruptcy. She would not have opted in if she had not worked unpaid overtime and been aware of that fact. Although some courts have refused to judicially estop a plaintiff from asserting a claim that

accrues following the bankruptcy court's confirmation of the debtor's Chapter 13 plan but prior to discharge, this Court declines to do so here. See Gilbreath, 2010 WL 4554090, at *8-9. As previously stated, Wall knew of the facts giving rise to her claim before opting in, which she undertook before the court discharged her debt in any case.[5]

Second, Brunet and Wall had the requisite motive to conceal the claim because their repayment obligations could be substantially alleviated if the bankruptcy court and their creditors were kept unaware of a potentially valuable asset. See Jethroe, 412 F.3d at 601 (plaintiff-debtor had a motive to conceal the existence of a potential claim where her repayment obligations were reduced on account of nondisclosure); see also De Leon v. Comcar Indus., Inc., 321 F.3d 1289, 1292 (11th Cir. 2003)(inferring motive to conceal because debtor "certainly knew about his claim and ... because his amount of repayment would be less"); Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 363 (3d Cir. 1996)("This combination of knowledge of the claim and motive for concealment in the face of an

---

[5] Furthermore, even if the Court did not judicially estop Wall from pursuing this claim, the Court wonders whether Wall is the real party in interest given that her debts were discharged pursuant to a Chapter 7 bankruptcy. See Kane v. Nat'l Union Fire Ins. Co., 535 F.3d 380, 387 (5th Cir. 2008). "In a Chapter 7 case, '[a]t the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings'—including property that was never scheduled—'remains the property of the estate.'" Id. at 385 (quoting Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004)). Thus, unless Wall's trustee abandoned the claim, the trustee is the party in interest. Id. at 386-87.

affirmative duty to disclose gave rise to an inference of intent sufficient to satisfy the requirements of judicial estoppel."). Plaintiffs argue that this Court should adopt a different meaning of the words "inadvertence" or "mistake"; however, such is not the law in the Fifth Circuit. See In re Coastal Plains, Inc., 179 F.3d at 210. Brunet and Wall therefore are estopped from asserting their previously undisclosed FLSA claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Partial Motion to Dismiss* **(Rec. Doc. 15)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' *Motion for Leave to File Reply* **(Rec. Doc. 29)** is **DENIED as moot.**

New Orleans, Louisiana this 5th day of February, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

18